IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-21153

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDREW NELSON RICHARDSON,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
No. H-99-CR-211-1

_____

November 2, 2000

Before KING, Chief Judge, WIENER, Circuit Judge, and LYNN,[*]
District Judge.

PER CURIAM:[**]

_____

[*]    District Judge of the Northern District of Texas,
sitting by designation.

[**]   Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Defendant-Appellant Andrew Nelson Richardson appeals the district court's application of § 2K2.1(c) of the United States Sentencing Guidelines.  See U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(c) (1998).  For the following reasons, we AFFIRM.

Based upon information from a confidential informant who alleged Richardson was selling drugs out of his residence, the Bureau of Alcohol, Tobacco, and Firearms (ATF) executed a search warrant on Richardson's home.  The federal agents found a loaded .25 caliber pistol, a loaded Winchester 12 gauge shotgun, 87 rounds of ammunition, and a marijuana cigar.  ATF agents then obtained Richardson's consent to search his Ford Tempo parked outside his residence.  Richardson had been seen driving this car only five minutes prior to the search.  In a pill bottle in the trunk of his car, the agents found twenty-six rocks of crack cocaine weighing 4.8787 grams.  Richardson also had $1800.00 on his person.  Richardson subsequently pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

In calculating his sentence, the district court relied on a presentence report (PSR) prepared by the probation department. The PSR applied § 2X1.1, the cross-reference section of the firearm guideline § 2K2.1(c)(1)(A), calculating Richardson's sentence based on the narcotics found in his car under § 2D1.1. Under the cross-referenced section of the Sentencing Guidelines, Richardson's offense level was adjusted upwards two levels

because "the defendant used or possessed any firearm or ammunition in connection with the commission or attempted commission of another offense."[1] The district court accepted the recommended offense level score contained in the PSR and sentenced Richardson to 115 months in prison.

Richardson objected to the use of the narcotics guideline as opposed to the firearm guideline because it increased his offense level and resulted in a longer prison sentence. Richardson argued that there was no nexus between the firearms found in his house and the narcotics found in his automobile. See United States v. Mitchell, 166 F.3d 748, 751 (5th Cir. 1999).

We agree with the district court that a permissible inference can be drawn that there was a nexus between the drugs found in Richardson's car and the guns found in Richardson's house. An informant stated that drugs were being sold from the table in Richardson's living room where weapons were always present; the firearms at issue here were found in his living room; Richardson had been seen driving the car where drugs were found five minutes before the ATF agents executed their search

---

[1] Specifically, under the narcotics guideline, Richardson received a base offense level of twenty-four for the 4.8787 grams of crack cocaine. See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c)(8). This base offense level was adjusted upwards two levels under § 2D1.1 for the firearms possessed during a narcotics offense. The PSR also recommended a three-level downward departure for acceptance of responsibility, resulting in an offense level of twenty-three. Had he been charged under the firearm guideline, Richardson alleges he would have received an offense level of nineteen.

3

warrant; and marijuana was found in the house.  The district court did not clearly err in finding a sufficient nexus between the drugs and the guns, and we accordingly AFFIRM Richardson's conviction and sentence.

AFFIRMED.